**JURY TRIAL DEMANDED**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION



BRIGHID McINTIRE, M.D.,
LINDA FINNEGAN, M.D.,
and MARGARET HATTEN, M.D.                                        PLAINTIFFS

VS.                           CIVIL ACTION NO. 3:08cv0148TSL-JCS

PETE GEREN,
SECRETARY OF THE ARMY
and
JAMES B. PEAKE,
SECRETARY, DEPARTMENT OF
VETERANS' AFFAIRS
                                                                 DEFENDANTS

**COMPLAINT**

THIS IS AN ACTION under Title VII of the Civil Rights Act of 1964 (as amended) against the administrators of the Veterans' Administration Hospital.

**JURISDICTION**

**1.**

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 2201, 42 U.S.C. §2000e-16(a) which provides generally that all personnel actions affecting employees of the federal government shall be free from any discrimination based upon sex, national origin and/or retaliation.

## VENUE

**2.**

Venue is proper in this District and Division.

## PARTIES

**3.**

Plaintiffs Brighid McIntire, Linda Finnegan, and Margaret Hatten, are female physicians, employees of the VA Hospital and adult resident citizens of the Southern District of Mississippi, Jackson Division.

**4.**

Defendant Pete Geren is the Secretary of the Army and as such is charged with the overall administration of the United States Veterans' Administration. Defendant James B. Peake is the Secretary of the Department of Veterans' Affairs and as such is responsible for a nationwide system of health care services, including the VA Hospital located in Jackson, Mississippi.

## EXHAUSTION

**5.**

Plaintiffs have fully exhausted all administrative remedies pursuant to Title VII of the Civil Rights Act of 1964 (as amended).

## FACTS

**6.**

Plaintiffs, Brighid McIntire, MD, Linda Finnegan, MD, and Margaret Hatten, MD, have all been discriminated against by the Defendant on the basis of their sex (female), National Origins (American for Plaintiff McIntire and Plaintiff Hatten; Chinese for Plaintiff Finnegan) and

race (McIntire and Hatten are Caucasian) and have been retaliated against as a proximate result of their legally protected equal employment opportunity activity as follows:

(1)     The three Plaintiff have been discriminated against because of their sex, national origin and race as follows:

(2)     Even though at all times material the protocol at the G.V. Sonny Montgomery Veterans' Administration Medical Center in Jackson, Mississippi within the Radiology department, as established by Dr. Vipin Patel, an Asian Indian male, Chief of the Department, was that Radiology films would be reviewed in order beginning with the top of the unread list on the computer, the two male Radiologists, Majid Khan (Asian Indian male) and Chand Mathur (Asian Indian male) were allowed by Dr. Patel to choose (including choosing multiple studies at one time), and to be credited with reading higher rated Relative Value Unit Studies first, regardless of these studies' positions on the unread list, and skip studies with Lower Relative Value Units often including more time consuming studies, even when some of these exams are STAT (emergencies) studies and at the top of the list.  This procedure creates, not only the real risk of higher error rates for the male Radiologist, but also creates lower salaries and loss of promotions for the Plaintiff American Caucasian female and Chinese female Radiologists who are forced to read fewer Relative Value Units, all being discrimination against the Plaintiffs because of their sex, national origin and race.  Said discrimination also creates a racially, and sexually charged hostile working environment for the named Plaintiffs; a further hostile working environment based on sexual discrimination, national origin discrimination and race discrimination has been created by Dr. Vipin Patel's emails in which he falsely claimed that the Plaintiffs come to work late, take lunch breaks that last too long and leave work early without reading films, while in truth and fact, male Asian Indian Radiologists worked fewer hours than

the three female Plaintiffs. Said false emails were copied to the male Radiologists and the hospital's Chief of Staff, Kent Kirchner, MD.

(3) On or about April 13, 2007, when the Plaintiffs complained of the discriminatory procedure for earning Relative Value Units to Dr. Kent Kirchner, Chief of Staff of the G.V. Sonny Montgomery Veterans' Hospital and the ultimate supervisor of the Plaintiffs in their employment, Dr. Kent Kirchner, threatened the Plaintiffs' jobs by stating "Well, perhaps we don't need so many Radiologists." During said meeting, Dr. Kirchner said the administration knows there is a cultural problem but there was nothing that could that be done about the cultural problem and that Dr. Patel could give extra privileges to Khan and Mathur because their Relative Value Units were higher. Dr. Kirchner affirmed that Dr. Patel could continue to treat the Plaintiffs unfavorably based on Relative Value Units as long as he did not put his differential treatment in writing. Said threat was in retaliation for the Plaintiffs' asserting their right not to be discriminated against because of their female sex, their national origin, American and Chinese and their race, Caucasian, and said threat also created a hostile working environment for the Plaintiffs.

(4) Defendant also has retaliated against Plaintiff Finnegan by unreasonably harassing her for not being Board Certified and unreasonably harassing her to read Vascular Studies. Said actions constitute discrimination against Plaintiff Finnegan on the basis of her sex (female), and national origin (Chinese). Said actions also are in retaliation in Dr. Finnegan's having asserted her rights, as alleged *supra*, to be free from discrimination, said assertions being protected equal employment opportunity activity. Said discrimination and retaliation also are the basis of an hostile work environment.

(5) Plaintiff Brighid McIntire also was retaliated against by the Defendant when

Vipin Patel, Chair of the Department of Radiology of the G.V. Sonny Montgomery Veterans' Administration Medical Center in response to a request for annual leave by Plaintiff McIntire entered on July 13, 2007 for July 19, 2007 so McIntire could take a trip to visit colleges with her child, did not act on said leave by approving it until Plaintiff McIntire actually had to go in to work on the morning of July 19, 2007, causing her to miss the college trip with her child. Granting said leave on the date the Plaintiff McIntire requested her leave was not performed in the regular course of business of the Defendant and constituted retaliation against Plaintiff McIntire for her legally protected equal employment opportunity activity as pleaded *supra* and also constitutes a discrimination against her because her sex (female), national origin (American) and race (Caucasian). If Plaintiff McIntire had not appeared at work on July 19, 2007, she would have been subject to dismissal from her job as a radiologist with the Defendant.

(6) As a direct and approximate result of Defendant's discrimination and retaliation, Plaintiffs have suffered loss of pay, loss of fringe benefits, loss of bonuses, loss of promotion, loss of reputation, aggravation, and severe mental anguish and emotional distress.

## DISCRIMINATION

### 7.

Plaintiffs are (1) members of one or more protected classes, (2) Plaintiffs are qualified for their positions, (3) Plaintiffs have suffered adverse employment actions, and (4) favorable treatment was given to persons outside the protected class(es) and/or others similarly situated were treated more favorably.

## HOSTILE WORKING ENVIRONMENT

### 8.

The employees (1) belong to a protected class or classes, (2) the employees were subjected to unwelcome, abusive and discriminatory conduct by the defendants, (3) the harassment was based on sex or race or national origin, and (4) the harassment affected a term, condition, or privilege of employment. Under a totality of the circumstances, the Plaintiffs can show that they have been subjected to harassment and that the harassment is ongoing.

## RETALIATION

**9.**

The Plaintiffs (1) engaged in activity protected under Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse action or actions.

## IRREPARABLE HARM

**10.**

Plaintiffs face irreparable harm for which there is no adequate remedy of law.

**11.**

Plaintiffs are entitled to an injunction prohibiting the Defendant from continuing its hostile work environment, mandating that work assignments and compensation for said assignments be offered Plaintiffs and on a basis equal to their Asian Indian male Radiology counterparts, including, injunctive relief directing that the named Plaintiffs be paid for their work in a manner commensurate with that of their Asian Indian male counterparts, and injunction prohibiting the Defendant, by and through Dr. Kent Kirchner, or any other agent of the Defendant, from retaliating against the Plaintiffs by attempting to terminate them from their positions or in any other way adversely affecting their employment with the Defendant.

**12.**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays for the following relief assessed and awarded for each Plaintiff individually:

1. An injunction prohibiting the Defendant from continuing its hostile work environment, mandating that work assignments and compensation for said assignments be offered Plaintiffs and their Asian Indian male Radiology counterparts on an equal basis, including, injunctive relief directing that the named Plaintiffs be paid for their work in a manner commensurate with that of their Asian Indian male counterparts, and an injunction prohibiting the Defendant, by and through Kent Kirchner, MD, or any other agent of the Defendant, from retaliating against the Plaintiffs by attempting to terminate them from their positions or in any other way adversely affecting their employment with the Defendant.

2. A judgment of and from the Defendant in the amount set by the jury for back pay, salary increases, awards and bonuses and income lost due to the Plaintiffs' having been passed over for promotions, not afforded the Plaintiffs because of discrimination based upon on their sex, national origin or race and retaliation for asserting their equal employment opportunity rights.

3. An injunction promoting the Plaintiffs to positions and commensurate pay they would have held and received if they had not been subjected to discrimination because of their sex, national origin, race and retaliation.

4. Damages in an amount set by the jury for mental anguish, loss of reputation, and emotional distress proximately caused by the retaliation, sex discrimination and hostile working environment Plaintiffs have suffered.

5. The cost of this cause including a reasonable attorney's fees.

6. General relief.

Respectfully submitted,

*Dennis L. Horn*
DENNIS L. HORN

DENNIS L. HORN
MSB #2645
HORN & PAYNE, PLLC
P.O. Box 2754
Madison, MS 39130
(601) 853-6090 (phone)
(601) 853-2878 (fax)

-8-