IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

BRIGHID McINTIRE, M.D.,
LINDA FINNEGAN, M.D.,
and MARGARET HATTEN, M.D.                                                PLAINTIFFS

VS.                                                CIVIL ACTION NO. 3:08-CV-148 TSL-FKB

JAMES B. PEAKE,
SECRETARY, DEPARTMENT OF
VETERANS' AFFAIRS                                                         DEFENDANT

## MEMORANDUM IN SUPPORT OF
## PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES

This case was tried for seven (7) days before a jury. The jury returned a verdict in favor of the Plaintiffs on August 10, 2010, and this Court entered a Judgment pursuant to the jury's verdict. In that Judgment, Plaintiff, Margaret Hatten, M.D., was awarded back pay in the amount of $65,634.00; Plaintiff, Brighid McIntire, M.D., was awarded back pay in the amount of $72,551.00; and Plaintiff, Linda Finnegan, M.D, was awarded back pay in the amount of $45,566.00. Additionally, the Court adjudged the Defendant liable for discriminating against all three named Plaintiffs, subjecting all three Plaintiffs to a hostile work environment, and retaliating against Plaintiff, Margaret Hatten, M.D. The retaliation claims of Plaintiffs McIntire and Finnegan were dismissed with prejudice. The Plaintiffs clearly substantially prevailed in their litigation. Additionally, the Plaintiffs are entitled to a full payment of their attorneys' fees and expenses because all causes of action were based upon a common nucleus of operative fact. That is, the same facts must have been adduced for the Plaintiffs to prove either discrimination and/or hostile work environment and/or retaliation.

> As stated by *Hensley v. Eckerhart,* 61 U.S. 424, 435 (1983),
>
>> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit [citation omitted]. Litigants in good faith may assert alternative legal grounds for a desired outcome and the court's rejection or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.

Additionally, because damage awards do not fully demonstrate the public benefit advanced by civil rights litigation, a reasonable attorney's fee need not be proportionate to an award of money damages. *City of Riverside v. Rivera,* 477 U.S. 561, 576 (1986).

Title VII of the Civil Rights Act contains an attorney's fees provision similar to U.S.C. § 1988 (the Civil Rights Statute):

> In any action or proceeding brought under this Title [42 U.S.C. § 2000e *et seq.*] the Court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of costs and the Commission and the United States should be allowed for costs the same as a private person.

42 U.S.C. § 2000e-5(k).

Sections 1988 and 2000e-5(k) make an award of attorney's fees "discretionary." However, it is an abuse of discretion to deny attorney's fees to prevailing plaintiff in a successful suit. *Newman v. Piggie Park Enterprises,* 390 U.S. 400, 401 (1968). *Hawkins v. 1115 Legal Services Care,* 163 F.3d 684, 694-695 (2nd Cir. 1998); *Federation of Flight Attendants v. Zipes,* 491 U.S. 754, 759 (1989); *EEOC v. Clear Lake Dodge,* 60 F.3d 1146, 1153 n. 9 (5th Cir. 1995).

1.

## Time and Labor Required

Plaintiffs are entitled to all fees and expenses sought as defined by the Johnson factors. *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-719 (5th Cir. 1974). The affidavits of Dennis L. Horn and Shirley Payne annexed to the Plaintiffs' Motion for Attorneys' Fees and Expenses as Exhibits "A" and "B" respectively are incorporated by reference. Attorney Dennis L. Horn spent a total of 407.15 hours on this case. Attorney Shirley Payne spent a total of 233.00 hours on this case. Paralegal Thomas L. Jackson spent 88.30 hours on this case. Additionally, the Plaintiffs incurred expenses in the amount of $11,093.40 for which the Plaintiffs have submitted a Bill of Costs which has been approved by the Clerk of Court (Exhibit "C" to Plaintiffs' Motion for Attorneys' Fees and Expenses), an additional invoice for the trial deposition of Narayana Swamy, M.D., in the amount of $104.00, paralegal expenses for service of subpoenae in the amount of $47.97, postage expenses in the amount of $188.85, and parking fees for trial in the amount of $120.00.

As stated in the affidavits of Dennis L. Horn and Shirley Payne, the time expended by the attorneys and the paralegal in this litigation is fair and reasonable and therefore compensable. As explained in *Missouri v. Jenkins,* 491 U.S. 274, 284-289 (1989), the

> reasonableness of fee must be determined "in light of both the traditional billing practices of the profession, and the fundamental principle that the award of a 'reasonable' attorney's fee means a fee that would have been deemed reasonable if billed to affluent plaintiffs by their own attorneys" . . . [and] calculated on the basis of rates and practices prevailing in the relevant market, i.e., "in line with those [rates] prevailing in the community for similar services by lawyers of reasonable comparable skill, experience, and reputation," . . . and one that grants the successful civil rights plaintiff a "fully compensatory fee."

*Missouri v. Jenkins, supra,* at 286.

Further,

> if an attorney's fee . . . is to yield the same level of compensation that would be available from the market, . . . the services of paralegals and law students who serve as clerks must be fully compensated.

*Id.*

### 2. & 3.

### Novelty and Difficulty of the Questions Presented and the Skill Requisite to Perform the Legal Services Properly

As pointed out in the affidavits of Dennis L. Horn and Shirley Payne, the legal questions presented in this case consisted of applications of settled law. On the other hand, an exceptionally high degree of legal skill was necessary to put the case together factually and try it before the jury. Primarily by cross-examination the Plaintiffs proved, by a preponderance of the evidence, that the four review boards supposedly exonerating Dr. Khan's work were designed not for a fair and accurate medical evaluation but to whitewash Khan's excessive speed and error rates as compared to the Plaintiffs. There also was substantial factual development required to prove that the emails Chief of Radiology Patel sent to all radiologists about "time and attendance" were actually designed to target the named Plaintiffs for severe criticism of their time, attendance and productivity, creating a hostile work environment. Given the factual complexity and the technical medical nature of the Defendant's pretexts, Plaintiffs' convincing the jury that the Defendant's justifications were all a smoke screen took substantial trial ability.

-4-

Additionally, only attorneys who are experienced in civil rights and employment discrimination should have tried this case for the Plaintiffs. Not many attorneys in Mississippi successfully perform this type of work.

### 4.

### The Preclusion of Other Employment

As set forth in the affidavits of Horn and Payne, this case was lengthy but probably did not preclude other employment.

### 5.

### The Customary Fee

Attorneys Horn and Payne are engaged in private practice largely dedicated to federal litigation in both the Northern and Southern Districts of Mississippi. Counsels' customary fee is $200.00 to $250.00 per hour during the time elapsed over the course of the instant litigation. The Two Hundred Twenty-five Dollars ($225.00) per hour rate the attorneys seek in this litigation is well within the hourly market rate in the Jackson, Mississippi, area for counsel with thirty-five (35) years of experience practicing law in federal court (Horn) and thirty-three (33) years of experience (Payne). The Affidavits of attorneys Bob Owens, Esq., and John H. Downey, Esq., substantiate that the $225.00 rate sought is on the lower end but within the customary rate charged by attorneys in Jackson, Mississippi. Also annexed to the Plaintiffs' Motion for Attorneys' Fees and Expenses are the Declaration of Taylor B. Smith, Esq. (Exhibit "F"), stating that a reasonable market rate would be $275.00 per hour and the Affidavit of Armin J. Moeller, Jr., Esq. (Exhibit "G"), stating that market rate would be between $265.00 and $405.00 per hour for an attorney with Mr. Waide's skill, experience and reputation, also incorporated by reference.

These affidavits are taken from the case, *Cliff Hardy v. City of Tupelo, Mississippi,* 1:08cv00028-SA-JAD, with an opinion found at 2010 U.S. Dist. LEXIS 16902 (N.D. Miss. 2010). The opinion found that Mr. Waide who practices in Tupelo and has experience substantial equal to counsel for the Plaintiffs in this lawsuit, was entitled to the award of an hourly rate of $265.00 per hour. *Id.*, at p. *6.

### 6.

### Whether the Fee is Fixed or Contingent

As pointed out in the affidavits of Horn and Payne, the $225.00 per hour fee was paid by the named Plaintiffs up until July 1, 2010, when the substantial work in preparing for the trial began. At that time, the fee became contingent.

### 7.

### Time Limitations Imposed by the Client or the Circumstances

There was a somewhat significant time limitation. This case took seven (7) full days to try. Plaintiffs had 111 premarked exhibits. Extensive factual preparation was required to defeat the Defendant's complicated defenses based upon pretext.

### 8.

### The Amount Involved and the Results Obtained

Again, as stated in the affidavits of Horn and Payne, Plaintiffs obtained full back pay damages in a total amount of $183,751.00 and a Judgment on the Jury Verdict that adjudged Defendant liable for Title VII discrimination against all three Plaintiffs, for subjecting all three Plaintiffs to a hostile work environment and for retaliating against Plaintiff Hatten. The only two claims on which the Plaintiffs did not prevail were the Retaliation claims of Plaintiffs McIntire

and Finnegan. As a practical matter, the Plaintiffs were fully successful. All claims arose out of the same basic facts. That is, the same facts would have had to have been adduced at trial to prevail separately on either the discrimination and/or hostile work environment and/or retaliation claims.

### 9.

### The Experience, Reputation and Abilities of the Attorneys Involved

Dennis L. Horn is a 1971 Phi Beta Kappa graduate of the University of North Carolina at Chapel Hill and is a 1975 graduate of the University of North Carolina School of Law. He was admitted to the practice of law in Mississippi in October of 1975, is AV rated by Martindale Hubbell and in Best Lawyers in America, Labor-Employees. Horn's extensive experience in litigating Civil Rights and employment cases is set forth in Paragraph 2 of his Affidavit.

Shirley Payne is a 1973 graduate of the University of North Carolina at Chapel Hill and is a 1977 graduate of the University of North Carolina School of Law. She was admitted to the practice of law in Mississippi in September of 1977. She is an AV rated lawyer in Martindale Hubbell and has lectured extensively in the areas of civil rights litigation, public entitlement programs and other areas set forth in Paragraph 2 of her Affidavit. Her extensive experience in Civil Rights employment and class action cases are set forth in Paragraph 3 of her Affidavit.

### 10.

### The "Undesirability" of the Case

This case was not undesirable. An article appearing on the front page of *The Clarion-Ledger* newspaper on Tuesday, August 17, 2010, entitled, "VA Doctors Want Boss Out," is annexed to the Plaintiffs' Motion for Attorneys' Fees at Exhibit "H" and a supporting editorial

of August 18, 2010, is annexed as Exhibit "I." As the article indicates, this case may have an influence in reforming practices that encourage physicians to seek quantity instead of quality in their duties, that is, to work too fast, leading to medical mistakes that otherwise would not have been made.

### 11.

### The Nature and Length of the Professional Relationship with the Clients

This case is the first and only case of this nature that counsel handled for the named Plaintiffs.

### 12.

### Awards in Similar Cases

As stated *supra,* in *Hardy v. City of Tupelo, Ms.,* Mr. Waide was awarded $265.00 per hour. In Mississippi, "rates of more than $350.00 an hour are not uncommon." Luther T. Munford, "Removing 'Money Illusion' from Fee and Damage Awards," *The Mississippi Lawyer,* p. 45 (July-August-September, 2007). For example, *Salanis v. Rubin,* 126 F.2d Supp. 1026 (S.D. Tx. 2001) awarded $156,849.00 in fees and $26,757.43 in costs in a race/retaliation claim where the underlying verdict was $300,000.00, reduced to $150,000.00 on appeal.

The requested fee of $225.00 per hour by Horn and Payne and the $60.00 per hour paralegal rate are all fair, just and reasonable and should be awarded.

### LODESTAR FEE

Multiplying a reasonable rate by the hours expended set forth below:

1.   Dennis L. Horn . . . . . . . . . . . . . . . . . . . . . . . . 407.15 hours X $225.00, $91,608.75;

2.   Shirley Payne .................... 233.00 hours X $225.00, $52,425.00; and

3.   Tommy L. Jackson (paralegal hours) ......... 88.30 hours X $60.00, $5,298.00.

## ADJUSTMENT TO LODESTAR

Once lodestar is determined, the Court may adjust the fees either upward or downward by utilizing the above-explained *Johnson* factors. *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-719 (5th Cir. 1974). Any enhancement of the fees is solely within the Court's discretion.

## CONCLUSION

This Court should award the reasonable attorneys' fees, calculated by the lodestar in the amount of $144,033.75 (which includes time spent in preparing the instant Motion), and paralegal fees of $5,298.00, paralegal expenses for service of subpoenae in the amount of $47.97, $104.00 for a copy of the trial deposition of Narayana Swamy, M.D., postage of $188.85, $120.00 in parking fees for trial, along with costs in the amount of $11,093.40 already approved by the Clerk of Court, for a total award of $160,885.97, and post-judgment interest thereon.

Respectfully submitted,

/s/ Dennis L. Horn
Dennis L. Horn

Dennis L. Horn (MSB #2645)
Shirley Payne (MSB #4071)
HORN & PAYNE, PLLC
P. O. Box 2754
Madison, MS 39130-2754
Telephone:  601-853-6090
Facsimile:  601-853-2878
hpattys@aol.com

**ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

I, Dennis L. Horn, do hereby certify that I have this day filed a copy of the above and foregoing Memorandum in Support of Plaintiffs' Motion for Attorneys' Fees and Expenses with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

>    Hon. Angela D. Givens-Williams
>    Assistant United States Attorney
>    U. S. Attorney's Office
>    188 E. Capitol St., Suite 500
>    Jackson, MS 39201

This the 27th day of August, 2010.

>                             /s/ Dennis L. Horn
>                             Dennis L. Horn